IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>  v.<br><br>SUGAR TREE APARTMENTS, L.P., a Kansas Limited Partnership; MARSHALL COUNTY, KANSAS; JETZ SERVICE CO., INC.; AFFORDABLE HOUSING INVESTMENTS, INC.; AFFORDABLE HOUSING MANAGEMENT, INC.; NATHAN MANVILLE; and UNKNOWN DEFENDANTS including: the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of Martha Dianne Manville, deceased General Partner of Sugar Tree Apartments, L.P., and the Unknown Spouses of Martha Dianne Manville, the Unknown Spouses of other Defendants; Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of Defendants as are existing, dissolved or dormant corporations; Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of Defendants as are or were partners or in partnership; and Unknown Guardians, Conservators and Trustees of Defendants as are minors or are in any way under legal disability; and Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants; The Unknown General Partners of Sugar Tree Apartments, L.P. (a Kansas Limited Partnership; the Known and Unknown limited partners of Sugar Tree Apartments, L.P. (a Kansas Limited Partnership),<br><br>       Defendants. | Civil No. 23-4005 |

# COMPLAINT

COMES NOW the United States of America, by Duston J. Slinkard, United States Attorney for the District of Kansas, and Kathryn E. Sheedy, Assistant United States Attorney, and for its cause of action represents as follows:

1. This is a civil action for judgment on the Promissory Notes and foreclosure of the Real Estate Mortgages brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made upon Defendants in the following manner:

   a. Defendant Sugar Tree Apartments, L.P., a forfeited Kansas Limited Partnership ("Sugar Tree") may be served by delivering the Summons and a copy of the Complaint to the Kansas Secretary of State, Scott Schwab, Memorial Hall, 120 SW 10th Ave., 1st Floor, Topeka, Kansas 66612, pursuant to K.S.A. § 60-304(f), as its Registered Agent Martha Dianne Manville, as listed on the Kansas Secretary of State's website, is deceased. Additionally, service may also be made by publication, pursuant to K.S.A. § 60-307(a)(3). Service is made within the jurisdiction of this Court.

   b. Defendant Marshall County, Kansas may be served by delivering the Summons and a copy of the Complaint to the Marshall County Clerk, 1201 Broadway, Marysville, Kansas 66508, pursuant to K.S.A. § 60-304(d)(1), within the jurisdiction of this Court.

   c. Defendant Jetz Service Co., Inc. may be served by delivering the Summons and a copy of the Complaint to its Registered Agent, Cogency Global, Inc., at 2101 SW 21st Street, Topeka, Kansas 66604, pursuant to K.S.A. § 60-

    304(e), and, if the Registered Agent cannot be found there, by delivering a copy of the Summons and Complaint to Scott Schwab, the Kansas Secretary of State, at Memorial Hall, 120 SW 10th Avenue, 1st Floor, Topeka, Kansas 66612-1594, pursuant to K.S.A. § 60-304(f), within the jurisdiction of this Court.

d.  Defendant Affordable Housing Investments, Inc., a forfeited Kansas Not For Profit Corporation, may be served by delivering the Summons and a copy of the Complaint to the Kansas Secretary of State, Scott Schwab, Memorial Hall, 120 SW 10th Ave., 1st Floor, Topeka, Kansas 66612, pursuant to K.S.A. § 60-304(f), as its Registered Agent Martha Dianne Manville, as listed on the Kansas Secretary of State's website, is deceased. Additionally, service may also be made by publication, pursuant to K.S.A. § 60-307(a)(3). Service is made within the jurisdiction of this Court.

e.  Defendant Affordable Housing Management, Inc., a forfeited Kansas Not For Profit Corporation, may be served by delivering the Summons and a copy of the Complaint to the Kansas Secretary of State, Scott Schwab, Memorial Hall, 120 SW 10th Ave., 1st Floor, Topeka, Kansas 66612, pursuant to K.S.A. § 60-304(f), as its Registered Agent Martha Dianne Manville, as listed on the Kansas Secretary of State's website, is deceased. Additionally, service may also be made by publication, pursuant to K.S.A. § 60-307(a)(3). Service is made within the jurisdiction of this Court.

f.  Defendant Nathan Manville, may be served the Summons and a copy of the Complaint at 19226 NE 35th Place, Lake Forest Park, Washington 98155,

    by personal or residence service, or by "tacking," pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), and may also be served by publication, pursuant to K.S.A. § 60-307(a)(3). This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(a)(1).

g. Unknown Defendants, including: the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of Martha Dianne Manville, deceased General Partner of Sugar Tree Apartments, L.P., and the Unknown Spouses of Martha Dianne Manville, the Unknown Spouses of other Defendants; Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of Defendants as are existing, dissolved or dormant corporations; Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of Defendants as are or were partners or in partnership; and Unknown Guardians, Conservators and Trustees of Defendants as are minors or are in any way under legal disability; and Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants; The Unknown General Partners of Sugar Tree Apartments, L.P., a Kansas Limited Partnership; the Known and Unknown limited partners of Sugar Tree Apartments, L.P., a Kansas limited partnership, ("Unknown Defendants"), will be served by publication, pursuant to K.S.A. § 60-307(a)(3), as the

names and addresses of these Defendants are unknown, within the jurisdiction of this Court.

3. Defendant Sugar Tree executed and delivered to Plaintiff United States, acting through the Farmers Home Administration, predecessor to the Rural Housing Service, United States Department of Agriculture, two Promissory Notes on November 1, 1983, in the principal amounts of $205,550.00 and $2,450.00, respectively, both with interest at the rate of 10.7500 percent (10.7500%) per annum on the unpaid balances. As consideration for these Promissory Notes, Plaintiff United States made a Rural Housing loan to Defendant Sugar Tree, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.). True and correct copies of the Promissory Notes are attached as Exhibits A and B.

4. On November 1, 1983, to secure repayment of the indebtedness, Defendant Sugar Tree executed and delivered a purchase-money security interest in the form of a Real Estate Mortgage upon real property commonly known as 510 N. 20th Street, Marysville, Kansas 66508 and located in Marshall County, Kansas, within the jurisdiction of this Court, described as follows:

> A tract of land in the North Half of the Southwest Quarter of Section 27, Township 2 South, Range 7 East of the 6th P.M., described as:
>
> Beginning at a point which is the intersection of the South line of the North half of the Southwest Quarter of Section 27, and the East line of Stewart Avenue, and a line which is 50 feet, more or less, East of the Southeast corner of Lot 1, in Block 1, Stewart's Addition to the City of Marysville, Kansas, thence running East a distance of 125 feet along the South line of the North Half of the Southwest Quarter of Section 27; thence North a distance of 174 feet, thence West a distance of 125 feet to the East line of Stewart Avenue, thence South a distance of 174 feet to the point of beginning, Marshall County, Kansas.

This Real Estate Mortgage was filed on November 1, 1983, in the office of the Register of Deeds of Marshall County, Kansas, in Book 332 at Pages 468-472. A true and correct copy of the Real Estate Mortgage is attached as Exhibit C.

5. An Affidavit For Continuing Real Estate Mortgages was executed by a representative of Rural Development, United States Department of Agriculture, on September 6, 2013, to prevent cancellation of the Real Estate Mortgage. A copy of this Affidavit For Continuing Real Estate Mortgages was filed on September 24, 2013, in the office of the Register of Deeds of Marshall County, Kansas, in Book 474 at Page 902. A true and correct copy of the Affidavit For Continuing Real Estate Mortgages is attached as Exhibit D.

6. Repayment of the indebtedness is also secured by a perfected security interest in personal property, contract rights, accounts, and replacements. True and correct copies of the most recent Deposit Agreement and UCC-1 Financing Statements, including continuations and amendments, are attached as Exhibits E and F.

7. Plaintiff United States is the owner and holder of the liability and security documents set out above, attached as Exhibits A, B, C, D, E and F.

8. Defendant Sugar Tree is in default by virtue of having breached the terms of the Promissory Notes, Real Estate Mortgage, and other loan documentation, as well as agency regulations for reasons that include but are not necessarily limited to the following:

   a) failure to obtain Agency consent prior to the substitution of the general partner in Sugar Tree Apartments, LP, as required by 7 C.F.R. § 3560.405(b), *see also* 7 C.F.R. § 3560.452(c)(7);

   b) failure to submit annual financial reports for FY 2017, as required by C.F.R. § 3560.308(a), *see also* 7 C.F.R. § 3560.452(c)(6); and

   c) failure to maintain the physical condition of the property, in accordance with 7 C.F.R. §§ 3560.103(a)(2) and (a)(3), *see also* 7 C.F.R. § 3560.452(c)(2).

  9. Defendant Sugar Tree was given notice of the non-monetary grounds for default on December 28, 2016, January 23, 2017, and March 5, 2017. Plaintiff United States, acting through the Rural Housing Service, United States Department of Agriculture, accelerated the indebtedness and made demand for payment in full on November 26, 2019. No appeal of the acceleration was made, and no payment has been received.

  10. The amount due on the Promissory Notes is principal in the amount of $87,419.85 (including unpaid principal of $63,292.16 and advances of $24,127.69 (including management fees, agency title report fees, utilities, etc.)) as of June 30, 2022; plus subsequent advances made until the date of sale; plus interest in the amount of $2,293.57 (including interest on principal of $1,581.34 and interest on advances of $712.23) accrued to June 30, 2022; plus interest accruing thereafter at the daily rate of $19.2977 (including daily interest on principal of $18.6408 and daily interest on advances of $0.6569) to the date of judgment; plus administrative costs of $55.00 (including lis pendens filing fee of $5.00 and title report fee of $50.00) pursuant to the Promissory Notes and Real Estate Mortgage; plus filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus court costs and the costs of this action presently and in the future incurred; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961; and foreclosure of all Defendants' interests in the subject real estate and personal property.

  11. No other action has been brought to recover these sums.

  12. Plaintiff United States completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*) and implementing rules and regulations.

13. The following Defendants may claim an interest in the real property:

   a. Marshall County, Kansas may claim an interest in the real estate pursuant to Personal Property Tax Warrants filed in Marshall County District Court, Case No. 2019-PT-11 on October 4, 2019, and Case No. 2020-PT-9 on October 1, 2020, and subsequent tax warrants.

   b. Jetz Service Co., Inc. may claim an interest in the real estate pursuant to two Memorandums of Lease that it entered into with Defendant Sugar Tree. The first Memorandum of Lease was recorded in the office of the Marshall County Register of Deeds on June 28, 1993, in Book 368 at Page 231. The second Memorandum of Lease was recorded in the office of the Marshall County Register of Deeds on August 3, 2011, in Book 463 at Page 267.

   c. Affordable Housing Investments, Inc. may claim an interest in the real estate as a limited partner in Defendant Sugar Tree.

   d. Affordable Housing Management, Inc. may claim an interest in the real estate as a limited partner in Defendant Sugar Tree.

   e. Defendant Nathan Manville may claim an interest in the real estate as an heir at law of Martha Dianne Manville, deceased General Partner of Sugar Tree Apartments, L.P.

   f. Unknown Defendants may claim an interest in the real property.

14. The subject real estate will be sold without restriction.

15. The indebtedness due Plaintiff United States is a first and prior lien on the real and personal property described above.

16. The interests of all Defendants are junior and inferior to the interests of Plaintiff United States.

17. By execution of the Real Estate Mortgage, Defendant Sugar Tree, agreed that Plaintiff United States, acting through the Rural Housing Service, would not be bound by any present or future State laws allowing for any right of redemption or possession of the real estate following any foreclosure sale. *See* Exhibit C, ¶ 19. Therefore, Defendant Sugar Tree waived all rights of redemption and there is no right of redemption for any party, including lien creditors.

Plaintiff United States demands *in rem* judgment of foreclosure in the amount of $87,419.85 (including unpaid principal of $63,292.16 and advances of $24,127.69 (including management fees, agency title report fees, utilities, etc.)) as of June 30, 2022; plus subsequent advances made until the date of sale; plus interest in the amount of $2,293.57 (including interest on principal of $1,581.34 and interest on advances of $712.23) accrued to June 30, 2022; plus interest accruing thereafter at the daily rate of $19.2977 (including daily interest on principal of $18.6408 and daily interest on advances of $0.6569) to the date of judgment; plus administrative costs of $55.00 (including lis pendens filing fee of $5.00 and title report fee of $50.00) pursuant to the Promissory Notes and Real Estate Mortgage; plus filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff United States also demands foreclosure of its security agreement and requests that all fixtures be sold with the real estate.

Plaintiff United States further demands that its Real Estate Mortgage be declared a first and prior lien on the real property and that such advances as Plaintiff United States may be authorized and required to pay for management fees, insurance premiums, real estate taxes, title

9

fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its Real Estate Mortgage on the real property and foreclosing the interests of all Defendants, and that all right, title, and interest in and to the real property of all Defendants, and of all persons claiming by, through or under these Defendants be decreed to be junior and inferior to the Real Estate Mortgage of Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that the real property be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2002, inclusive, with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1) Filing fees in the amount of $402.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of this action and the foreclosure sale;

(3) The interest accruing on Plaintiff United States *in rem* judgment of foreclosure;

(4) Plaintiff United States *in rem* judgment of foreclosure; and,

(5) Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real and personal property.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

*s/ Kathryn E. Sheedy*
KATHRYN E. SHEEDY
Assistant United States Attorney
Ks. S.Ct. No. 22867
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: kathryn.sheedy@usdoj.gov
Attorneys for Plaintiff

## REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

*s/ Kathryn E. Sheedy*
KATHRYN E. SHEEDY
Assistant United States Attorney

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real and personal property.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

*s/ Kathryn E. Sheedy*
KATHRYN E. SHEEDY
Assistant United States Attorney
Ks. S.Ct. No. 22867
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: kathryn.sheedy@usdoj.gov
Attorneys for Plaintiff

## REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

*s/ Kathryn E. Sheedy*
KATHRYN E. SHEEDY
Assistant United States Attorney